IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

        Plaintiff,

vs.                                                          No. CV 21-01075 MV/KK

COR CO ROSEMARY SELLERS,
POLICE OFFICER JAMES SMID,
POLICE OFFICER TIMOTHY OREN,
ADULT PRISONS OFFICE,
PROBATION OFFICER ISABEL LUCERO,
PROBATION OFFICER SUSAN (SUPERVISOR),

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the Complaint for Violation of Civil Rights (Doc. 1) ("Complaint") filed by Plaintiff Myrtis Paulo Hart. The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, failure to comply with local rules, and failure to prosecute this proceeding.

This is one of the many cases that Plaintiff has filed in this Court.[1] Plaintiff filed his Complaint on November 5, 2021. Doc. 1. At the time of filing, Plaintiff's Complaint indicated

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New*

1

that he was incarcerated at the Curry County Adult Detention Center. *Id.* at 2. The Complaint alleges as follows:

> Perjury, Co-Conspiratorial Act to further a Crime, Tamper with evidence and Commit to involving others (elements) in committing a Conspiracy to tamper with evidence and Falsely imprison I Myrtis Paulo Hart, Compose of a conspiracy to falsify Public Records via a multitude of departments, Tampering with evidence to commit an effort to Intimidate a witness into not truthfully converting the truth, falsifying public records, Rosemary Sellers (perjury), Obstruction of Justice, and characteristics of an investigation, indirect contempt, contempt.

*Id.* at 3. He asserts that he suffers from PTSD and Traumatic Brian Injury, and seeks forfeiture of Cor Co. to Plaintiff as well as damages in the amount of $350,000. *Id.* at 5.

At the time that he filed his Complaint, Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis*. The Court entered an Order to Cure Deficiency on November 8, 2021, directing Plaintiff, within thirty days of entry of the Order, to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915. Doc. 2. With the Order to Cure, the Court also provided Plaintiff a form Application to Proceed in District Court Without Prepayment of Fees or Costs. *Id.* at 2. The Order advised Plaintiff that, if he failed to cure the

---

*Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven,* CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

deficiencies within the 30-day time-period, the Court could dismiss this proceeding without further notice. *Id.* at 1-2.

On November 22, 2021, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 3. Based on the Application and the information in his inmate account statement, the Court will grant him leave to proceed *in forma pauperis* and waive an initial partial payment.

Plaintiff has not communicated with the Court in this case since he filed the Application on November 22, 2021. Although Plaintiff did not give any notice that his address had changed, the Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center on November 21, 2021 and that Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to the Central New Mexico Correctional Facility address for Plaintiff in several of his other cases has been returned as undeliverable.[2] A search of the New Mexico Department of Corrections records disclosed that Plaintiff has now been released from the Central New Mexico Correctional Facility and is no longer in custody of the Department of Corrections, and that his whereabouts are unknown.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff has failed to

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

comply with the local rules by failing to keep the Court advised of his address and failing to maintain communication with the Court. Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the local rules, and failure to prosecute this proceeding. *Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

**IT IS ORDERED that:**

**(1)** the Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 3) is **GRANTED** and an initial partial payment is **WAIVED**; and

**(2)** the Complaint for Violation of Civil Rights (Doc. 1) filed by Plaintiff Myrtis Paulo Hart is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with the local rules and failure to prosecute this case.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE